## CIVIL MINUTES - GENERAL

| Case No. | CV 17-953-DSF (PJW) | | Date | June 27, 2017 |
|---|---|---|---|---|
| Title | *Vincent Ciliento v. California Department of Corrections, et. al.* | | | |

| Present: The Honorable | Patrick J. Walsh, U.S. Magistrate Judge | |
|---|---|---|

| Isabel Martinez | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants |
|---|---|
| N/A | N/A |

**Proceedings:**     Order To Show Cause Why Case Should Not be Dismissed at Screening Stage

Before the Court is a civil rights case against the California Department of Corrections and two doctors working there, Dr. Parker and Dr. Suiter. Plaintiff alleges that the doctors exaggerated the truth in their reports and "twisted" his vandalism conviction-- a non-violent crime --in order to have him falsely imprisoned as a Mentally Disordered Offender ("MDO") at Atascadero State Hospital ("ASH"). He claims that he should have been released from prison in November 2016. He seeks injunctive and monetary relief. The Complaint was filed on February 24, 2017, in the United States District Court for the Southern District of California. (Doc. No. 1.)[1] The case was transferred to the Central District on May 16, 2017. (Doc. No. 4.) After screening the Complaint, the Court finds that Plaintiff has not and likely cannot state a 42 U.S.C. § 1983 claim against these Defendants but will allow him an opportunity to explain why the case should not be dismissed with prejudice at this stage.

The Court is required to screen *pro se* prisoner complaints and dismiss claims that, among other things, are frivolous, malicious, or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(a)-(b)(1). In doing so, the Court considers the complaint and any exhibits attached to it. *See, e.g., Cooper v. Pickett*, 137 F.3d 616, 622-23 (9th Cir. 1997). In determining whether Plaintiff has stated a claim, the Court accepts as true the factual allegations contained in the complaint and views all inferences in a light most favorable to him. *See Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Because Plaintiff is proceeding *pro se*, the Court construes the complaint liberally. *Barrett v. Belleque*, 544 F.3d 1060, 1062 (9th Cir. 2008) (per curiam).

To state a claim under § 1983, a plaintiff must allege that a defendant, acting under color of state law, violated a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff alleges that he has been falsely imprisoned and held under a MDO commitment 80 days past his parole date. At a hearing in November 2016, the parole board determined that Plaintiff suffered from a severe mental disorder, specifically bipolar disorder or Psychotic disorder NOS, and that he used force or violence in the commission of the crimes he was convicted of, i.e., possession of

---

[1] At the time Plaintiff filed his Complaint he was confined at ASH, the Court has since learned that he was discharged on February 17, 2017.

## CIVIL MINUTES - GENERAL

ammunition and vandalism. On February 1, 2017, an Administrative Law Judge conducted a hearing and determined that the circumstances of the crimes were not violent and that the special condition for treatment by the Department of State Hospital should be removed.

The underlying premise of Plaintiff's civil rights suit is that he is being held unlawfully at ASH. It appears, however, that he was discharged from ASH a few days before his complaint was filed. (The Court has attempted to locate Plaintiff using the California Department of Corrections inmate locator but has not been able to find him.)

Additionally, the Eleventh Amendment prohibits individuals from suing the state and state agencies in federal court for money damages unless the state consents. *Northern Ins. Co. of New York v. Chatham County, Ga.*, 547 U.S. 189, 193 (2006); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). The California Department of Corrections is a state agency and is therefore entitled to Eleventh Amendment immunity. *Brown v. California Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009). This means that Plaintiff cannot sue the California Department of Corrections in this court.

Finally, Plaintiff's claim that Dr. Parker and Dr. Suiter's conduct was unprofessional fails to state a constitutional claim. *See Oltarzewski v. Ruggiero*, 830 F.2d 136 (9th Cir.1987) (Verbal harassment, abuse and threats, without more, are not sufficient to state a constitutional deprivation under § 1983).

Though it appears to the Court that nothing Plaintiff can say or do can overcome the shortcomings in the Complaint, recognizing that Plaintiff is proceeding *pro se*, the Court will allow him an opportunity to explain why the Complaint should not be dismissed with prejudice at this stage. Plaintiff has until July 19, 2017, to file his brief. Failure to timely abide by this Order will result in the dismissal of this action.

O:\PJW\ECF Ready\MO_OSC Why Case Should not be Dismissed .wpd

|  | : | 00 |
|---|---|---|

Initials of Preparer    im