UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VINCENT CILIENTO, | ) | CASE NO. ED CV 17-953-DSF (PJW) |
| Plaintiff, | ) ) | ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |
| v. | ) ) | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | ) ) ) | |
| Defendants. | ) ) | |

In February 2017, Plaintiff Vincent Ciliento, proceeding *pro se*, filed this civil rights action against the California Department of Corrections and two doctors working there. Plaintiff alleged that the doctors exaggerated the truth in their reports and "twisted" his vandalism conviction--a non-violent crime--in order to have him falsely imprisoned as a Mentally Disordered Offender at Atascadero State Hospital ("ASH"). Plaintiff claimed that he should have been released from prison in November 2016 and sought injunctive and monetary relief. Plaintiff attached to the Complaint a decision from the Board of Parole, which noted that, at an administrative hearing on February 1, 2017, the presiding administrative law judge determined that the special condition for treatment by the Department of State Hospital should be removed because Plaintiff's crimes were non-

violent. As a result, the Court contacted ASH to determine if Plaintiff was still at ASH. ASH personnel informed the Court that Plaintiff had been discharged on February 17, 2017, and had not left a forwarding address.

On June 27, 2017, the Court issued an Order to Show Cause why the case should not be dismissed. Plaintiff was ordered to respond by July 19, 2017, and was warned that, if he did not timely respond, his case would be dismissed. That order was returned to the Court by the Postal Service because Plaintiff was no longer at ASH. Two other pleadings sent to Plaintiff at ASH were also returned because Plaintiff was no longer living there. (Doc. Nos. 7, 9.)

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to *sua sponte* dismiss an action for failure to comply with a court order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). In determining whether dismissal is warranted, the Court considers five factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to Defendants, (4) the public policy favoring the disposition of cases on their merits, and (5) the availability of less drastic sanctions. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Omstead v. Dell*, 594 F.3d 1081, 1084 (9th Cir. 2010).

The Court finds that the delay here necessarily implicates both the interest in expeditious resolution of litigation and the Court's need to efficiently manage its docket--the first and second factors--

and weighs in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (finding factors of public interest in expeditious resolution of case and court's need to manage its docket weigh in favor of dismissal where litigant failed to pursue the case for almost four months). Plaintiff's failure to keep the Court apprised of his address--a violation of Local Rule 41-6--has caused this action to come to a halt, impermissibly allowing Plaintiff to control the pace of the docket rather than the Court. *See Yourish*, 191 F.3d at 990; *Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . .").

The third factor--risk of prejudice to Defendants--also weighs in favor of dismissal. As time goes by, the witnesses' memories begin to fade and the evidence becomes stale, making it increasingly difficult to defend against these claims. *See In re Phenylpropa-nolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("The law . . . presumes prejudice from unreasonable delay.").

The fourth factor--the general policy favoring resolution of cases on the merits--weighs in Plaintiff's favor. *See Pagtalunan*, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits."). But that factor alone is not enough to overcome the other factors.

Finally, the fifth factor--availability of less drastic alternatives--also weighs in favor of dismissal. The Court is unable to impose a lesser sanction, e.g., monetary sanctions, because

Plaintiff is proceeding IFP and, therefore, does not have any money to pay sanctions and because he cannot be found.

Considering all five factors, the Court concludes that dismissal for failure to prosecute is warranted. *See Ferdik*, 963 F.2d at 1263 (concluding dismissal appropriate where supported by three factors); *Pagtalunan*, 293 F.3d at 643 (same).

IT IS SO ORDERED.

DATED: 8/22/17

_____
DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE